# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 14-50797
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARNOLDO LOUIS LOPEZ, also known as "Looney", also known as Arnoldo Lopez, also known as Arnoldo L. Lopez,

Defendant-Appellant

_____

CONSOLIDATED WITH No. 14-50800

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARNOLDO LOPEZ, also known as Arnoldo Louis Lopez, also known as Looney, also known as Arnoldo L. Lopez,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-860

————————————

No. 14-50797 c/w No. 14-50800

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Arnoldo Louis Lopez challenges his guilty-plea convictions and sentences for possessing with the intent to distribute cocaine base and possessing a firearm in furtherance of a drug trafficking offense. He argues that his guilty pleas were not knowing and voluntary; he was subject to prosecutorial misconduct at his sentencing hearing; and the sentence imposed was substantively unreasonable.

Lopez also challenges the sentence imposed following his guilty plea convictions of conspiring to make, and actually making, false statements on records of a licensed federal firearms dealer. In that case, he again contends that he was subject to prosecutorial misconduct during the sentencing hearing.

Lopez did not raise any these arguments in the district court. This court therefore will review his claims for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Lopez has not established reversible plain error with regard to his argument that his guilty pleas were not knowing and voluntary. He correctly points out that the district court erred by failing to advise him that his statements under oath could be used against him in a prosecution for perjury. *See* FED. R. CRIM. P. 11(b)(1)(A). But Lopez has not established a reasonable probability that such a warning would have resulted in him not pleading guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The Government maintains that we should not consider Lopez's challenges to the substantive reasonableness of his sentence in the drug case

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because Lopez waived, as part of his plea agreement, his right to challenge the sentence. A review of the record confirms that Lopez's guilty plea and waiver of appeal were knowing and voluntary and should be enforced. *See United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992); *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Accordingly, we will not consider the reasonableness challenge.

Lopez's appeal waiver contains an exception for claims of prosecutorial misconduct. Consequently, we will consider Lopez's claims in both cases that, at sentencing, the prosecutor improperly elicited testimony concerning, and commented on, Lopez's association with the Zeta cartel. Lopez has not, however, established that the prosecutor's actions constituted error, plain or otherwise. *See United States v. Fields*, 483 F.3d 313, 358 (5th Cir. 2007).

The judgments of the district court are AFFIRMED.